IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHL VARIABLE INSURANCE COMPANY and PHOENIX LIFE INSURANCE COMPANY, | : : : : | CIVIL ACTION NO. |
| *Plaintiffs*, | : : | |
| v. | : : | |
| MARC S. WACHTER, | : : | |
| *Defendant*. | : | April 29, 2014 |

## PLAINTIFFS' COMPLAINT

Plaintiffs PHL Variable Insurance Company ("PHL") and Phoenix Life Insurance Company ("PLIC") (collectively, "Phoenix"), by and through their attorneys, file this Complaint against Defendant Marc S. Wachter as follows:

## THE PARTIES

1. PHL is a life insurance company organized under the laws of, and maintains its principal place of business in, the State of Connecticut. Therefore, for diversity purposes, PHL is a citizen of Connecticut.

2. PLIC is a life insurance company organized under the laws of New York, and maintains its principal place of business in the State of Connecticut. Therefore, for diversity purposes, PLIC is a citizen of both New York and Connecticut.

3. On information and belief, Wachter is a citizen of the State of Florida and may be served with process in Miami Beach, Florida.

## JURISDICTION AND VENUE

4. Wachter is a citizen of Florida and subject to the personal jurisdiction of this Court because the contract that governs Wachter's relationship with Phoenix (the "Contract")

subjects Wachter to the jurisdiction of the United States District Court for the District of Connecticut.

5. Additionally, this Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

6. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district. In addition, the Contract between the parties provides that any disputes arising out of the Contract shall be subject to the laws of the State of Connecticut without regard to Connecticut choice of law rules.

## FACTUAL BACKGROUND

7. Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance.

8. Pursuant to the Contract, Wachter is an appointed broker of Phoenix. This lawsuit arises out of the Contract.

9. Wachter marketed Phoenix life insurance policies to his clients, which resulted in the issuance of the following life insurance policies: PHL Policy No. 97526988 and PLIC Policy No. 97305227 (the "Policies"). The Policies insured the life of Edward Sacks.

10. Pursuant to the terms of the Contract, Phoenix paid Wachter $396,480.81 in compensation upon Phoenix's issuance of the Policies (the "Compensation"). More specifically, PHL paid Wachter $224,061.11 upon the issuance of Policy No. 97526988 and PLIC paid Wachter $172,419.70 upon the issuance of Policy No. 97305227.

11. Shortly after their issuance, the Policies were rescinded and Phoenix returned premiums to the Policies' owner.

12. Under the Contract, whenever Phoenix refunds or returns any amount of any premium payment made on a policy, any compensation paid thereon by Phoenix to Wachter must be promptly repaid.

13. Phoenix has demanded payment for the Compensation, but Wachter has refused to remit any payment to Phoenix.

14. While some of Wachter's debt has been offset by (1) other compensation payable to Wachter but withheld by Phoenix pursuant to the terms of the Contract and/or (2) other offsets to which Wachter is entitled, Wachter remains liable to Phoenix for $392,267.68.

## CAUSE OF ACTION

## BREACH OF CONTRACT

15. Phoenix incorporates paragraphs 1 through 14 as if fully set forth herein.

16. The Contract is a valid and enforceable written contract between Phoenix and Wachter. Phoenix has fully performed its obligations under the Contract. All conditions precedent to Phoenix's recovery against Wachter under the terms of the Contract have been performed or have occurred. Wachter's failure and/or refusal, as described above, to honor his obligations under the Contract constitutes a breach of the Contract.

17. As a result of Wachter's breach of the Contract, Phoenix has incurred significant damages. More specifically, Wachter's breach of the Contract has caused Phoenix injury in an amount of at least $392,267.68.

## **PRAYER**

For the foregoing reasons, Phoenix respectfully requests that the Court:

    (a)    enter judgment against Marc S. Wachter entitling Phoenix to recover its actual damages, less any recoupments and/or offsets, and pre-judgment and post-judgment interest; and

    (b)    award such other and further relief, at law or in equity, to which Phoenix may be entitled.

> Respectfully submitted,
>
> PHL VARIABLE INSURANCE COMPANY and
> PHOENIX LIFE INSURANCE COMPANY
>
> By:    /s/ Jessica L. Wilson
>           Jessica L. Wilson (ct29486)
>           EDISON, MCDOWELL & HETHERINGTON LLP
>           3200 Southwest Freeway, Suite 2100
>           Houston, Texas 77027
>           Telephone: (713) 337-5580
>           jessica.wilson@emhllp.com
>           Plaintiffs' Attorney
>
>           Andrew R. Kasner*
>           EDISON, MCDOWELL & HETHERINGTON LLP
>           3200 Southwest Freeway, Suite 2100
>           Houston, Texas 77027
>           Telephone: (713) 337-5580
>           andrew.kasner@emhllp.com
>           * *Pro hac vice* application to be submitted